**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-01629-REB-CBS

THE TRUST DEPARTMENT OF FIRST NATIONAL
BANK OF SANTA FE, COLORADO BRANCH,
RICHARD QUANZ as CO-TRUSTEES and
REPRESENTATIVES OF THE IRREVOCABLE TRUST
OF STEPHEN MELENDY,
STEPHEN MELENDY,
LAWRENCE MELENDY,
JUDY MELENDY,
CHRISTOPHER W. MELENDY,
AIMEE R. MELENDY
AMANDA F. MELENDY, AND
CHERIE D. FORD,

        Plaintiffs,

v.

THE BURTON CORPORATION,

        Defendant.

## PROTECTIVE ORDER

Defendant The Burton Corporation, by and through counsel, GODFREY & LAPUYADE, P.C., and Plaintiffs The Trust Department of First National Bank of Santa Fe, Colorado Branch, Richard Quanz as Co-Trustees, and Representatives of the Irrevocable Trust of Stephen Melendy, Stephen Melendy, Lawrence Melendy, Judy Melendy, Christopher W. Melendy, Aimee R. Melendy, Amanda F. Melendy, and Cherie D. Ford, by and through counsel THE ROEHL LAW FIRM, P.C., pursuant to FED.R.CIV.P. 26(c) agree as follows:

1.    The parties agree certain information to be produced in this case may be confidential, proprietary, and/or protected by FED.R.CIV.P. 26(c)(1)(G) as "trade secrets, or other confidential research, development, or commercial information not to be revealed or to be

revealed only as designated," and should be kept confidential through the course of this action and thereafter and not be used for any other purpose other than this litigation.

2.     The parties agree the following protective provisions governing certain documents and/or other information as specified below, and designated as confidential, proprietary, and/or private be imposed upon all designated discovery and litigation proceedings in this action, whether such discovery and litigation proceedings be directed at a party to the litigation or another person or entity.

3.     This Agreement governs the use of all produced documents, responses to interrogatories, requests for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party or non-party during the proceedings in this action, as well as any and all copies, digests, summaries and by-products thereof.

4.     If, during the course of this litigation, any party undertakes to produce or is caused to disclose what they in good faith believe embodies Confidential Information, the procedures set forth below shall be employed and the disclosure thereof shall be subject to this Agreement. The parties shall maintain and periodically update a "Confidentiality Log" which shall consist of a list of all documents, tangible objects, or other material designated as Confidential Information by that party in the course of this litigation, such Confidential Information to be identified in the Confidentiality Log by the Bates numbers assigned to that material for purposes of this litigation, or by interrogatory, request for production, or request for admission number. A party will provide a copy of their Confidentiality Log to the other party upon request and reasonable notice.

5.      For purposes of this Agreement, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), (a) which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, trading, customer or commercial information, financial information, or information subject to a legally protected right of privacy, and (b) which counsel for the designating party designates as "CONFIDENTIAL" upon a good faith belief that there is good cause under applicable law for such a designation, or, at the same time the Confidential Information being disclosed identifies the Confidential Information by specific Bates range, interrogatory, request for production or request for admission number.  These documents may include, but are not limited to; documents containing proprietary information such as trade secrets, manuals, contracts, special formulas, product development data, quality control information, manufacturer selection process, company security matters, customer lists, financial data, production data, marketing data, the structure of commercial relationships, claim handling policies, strategic planning documents, partnership and other business agreements, and proprietary business information may be designated "CONFIDENTIAL."

6.      Counsel for any party to this litigation shall designate documents or information that party is producing as Confidential Information prior to or at the time of production of the documents or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of Confidential Information disclosed in a non-paper medium (e.g. video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its

container. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.

7. If Confidential Information is inadvertently disclosed before it has been designated as "CONFIDENTIAL," the party supplying such Confidential Information may, within a reasonable time after the inadvertent disclosure, designate the Confidential Information as "CONFIDENTIAL" and subject to the provisions of this Agreement at the point the information is designated as Confidential Information.

8. If any party believes a document not described specifically herein should nevertheless be considered "CONFIDENTIAL," it may make application to the Court.

9. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Agreement. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) business days after it is made. The requesting party shall not make any disclosure while a motion to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

10. If, during the course of any deposition, and not later than twenty (20) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or

counsel for any of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof or any exhibits to the deposition is subject to designation as Confidential Information, such transcript or portion thereof shall be treated as provided by this Agreement for documents designated as Confidential Information. If a portion of a deposition is identified as Confidential Information, the party shall identify the Confidential Information contained in the testimony by page and line number. Documents that are used as exhibits already designated as Confidential Information shall remain confidential. Any deposition that has any portion of the transcript or exhibits designated as Confidential Information shall indicate that it contains Confidential Information. A party which objects to the designation shall have the rights and objections as set forth in paragraph 9. Any deposition transcript shall be deemed to be confidential until at least 20 days after the deponent or his or her counsel has received a final written deposition transcript. Within such 20-day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as confidential.

11.    When depositions or portions of depositions are designated as Confidential Information, counsel shall use such Confidential Information only as provided for in this Agreement. All persons present at the taking of such depositions when such Confidential Information is involved shall not disclose to any other person the testimony of the deponent regarding such material, except as permitted herein.

12.    Documents designated "CONFIDENTIAL" shall be shown only to the parties, their respective owners, officers, agents and insurers, experts, and attorneys and the attorney's staff or other persons whom the attorneys or the Court deem necessary to review the documents for the prosecution or defense of this lawsuit, ~~including the jury and trial witnesses~~. Any person

receiving documents designated as "CONFIDENTIAL" shall be provided with a copy of this Agreement and shall agree to be bound by the terms of this Agreement.

~~13.   If testimony concerning Confidential Information is elicited at a hearing, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by notifying all parties in writing within ten (10) days after the date of the receipt of the transcript. If such a request is made, such portion shall be so treated and filed under seal, if it is filed in the record. Unless otherwise designated, all such transcripts shall be treated for a period of ten (10) days after the date of the receipt thereof as Confidential Information.~~

14.   Upon completion of this matter, by dismissal, judgment or any other fashion, all "CONFIDENTIAL" materials shall be returned to the producing party or destroyed by the receiving party within 30 days of completion. If disposed by destruction, the receiving party must present the producing party with a certification setting forth the manner and date on which said destruction occurred.

15.   Counsel who discloses Confidential Information to a retained expert shall be responsible for communicating to such expert the requirement of compliance with the terms of this Agreement by any retained experts to whom such Confidential Information is disclosed and shall obtain and retain a written acknowledgment of the experts agreeing to maintain the confidentiality of Confidential Information, and shall maintain a list of all experts to whom any Confidential Information is disclosed.

16.   The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Agreement, and the Court shall retain continuing jurisdiction to enforce the terms of this Agreement, even after this action is terminated.

17. Information designated as Confidential may be referred to in discovery, discovery responses, motions, briefs or other papers filed with the Court, and may be used in depositions, oral arguments or at trial. Confidential Information and any brief or other document referring to or incorporating Confidential Information shall be filed under seal, and shall be processed and retained by the Clerk of Court so that such information is not available to the general public and is only available to the Court and to counsel for the parties for viewing, inspection, and/or copying. The party making any such information part of the Court's file shall inform the Clerk of Court at the time of filing that Confidential material is included in the filing.

18. By agreeing to the entry of this Agreement, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Agreement, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

DATED at Denver, Colorado, this 14th day of November 2011.

                                                            BY THE COURT:

                                                            *s/Craig B. Shaffer*
                                                            Craig B. Shaffer
                                                            United States Magistrate Judge