**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01629-REB-CBS

THE TRUST DEPARTMENT OF FIRST NATIONAL BANK OF SANTA FE, COLORADO
BRANCH, and
RICHARD QUANZ as CO-TRUSTEES and
REPRESENTATIVES OF THE IRREVOCABLE TRUST OF STEPHEN MELENDY,
and STEPHEN MELENDY,

      Plaintiffs,

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

      Intervenor Plaintiff,

v.

THE BURTON CORPORATION,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO CALL WITNESS OUT OF ORDER**

---

**Blackburn, J.**

The matter before me is **Defendant's Motion for Leave To Call Witness Out of
Order** [#139],[1] filed August 6, 2012.  I grant the motion.

This case was originally scheduled to begin trial on August 6, 2012.  Due to the

primacy of another case on the court's trial docket, I reset this matter to commence trial

on August 13, 2012.  (**See Minute Order** [#123], filed July 25, 2012.)  Defendant,

however, had already scheduled its medical causation (and only) expert witness, Dr.

---

[1] "[#139]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

Holly Ledyard, for the middle of the second (now first) week of trial.  Defendant raised

this issue at the Trial Preparation Conference and now confirms that Dr. Ledyard, who

practices emergency medicine in Utah, can only be available to testify on Wednesday,

August 15.  Plaintiffs oppose the relief requested.

Rule 611(a)(1) of the Federal Rules of Evidence grants the court considerable

discretion to control the presentation of the evidence.  Plaintiffs have failed to make a

cogent showing that accommodating Dr. Ledyard's schedule would be unfair or unduly

prejudicial to them.  Their suggestion that, in lieu of live testimony, Dr. Ledyard's expert

report be presented to the jury for its review, defies both common sense and fairness,

the twin guideposts of my discretion under Rule 611(a).  **See FED. R. Evid.** 611(a),

1972 Adv. Comm. Notes.  Nor is the substitution of a last-minute deposition a wholly

adequate alternative.[2]  "The preference for a witness's attendance at trial is axiomatic."

***Garcia-Martinez v. City and County of Denver***, 392 F.3d 1187, 1191 (10th Cir. 2004).

Accordingly, exercising my broad discretion, I conclude that Dr. Ledyard should

be permitted to testify out of order.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Leave To Call**

**Witness Out of Order** [#139], filed August 6, 2012, is **GRANTED**.

Dated August 9, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge

---

[2]  Beyond their *ipse dixit*, plaintiffs' arguments regarding prejudice are based largely on the timing of the motion insofar as it allegedly has truncated the time in which they could conduct a deposition of Dr. Ledyard for presentation at trial.  The tautological nature of their reasoning should be readily apparent.