**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01629-REB-CBS

THE TRUST DEPARTMENT OF FIRST NATIONAL BANK OF SANTA FE, COLORADO BRANCH, and
RICHARD QUANZ as CO-TRUSTEES and
REPRESENTATIVES OF THE IRREVOCABLE TRUST OF STEPHEN MELENDY,
and STEPHEN MELENDY,

    Plaintiffs,

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

    Intervenor Plaintiff,

v.

THE BURTON CORPORATION,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
THE BURTON CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE RELATING TO THE TRACE 0.5 YOUTH HELMET RECALL**

**Blackburn, J.**

The matter before me is **Defendant The Burton Corporation's Motion *In Limine* To Exclude Evidence Relating to the Trace 0.5 Youth Helmet Recall** [#99],[1] filed June 20, 2012. I grant the motion in part and deny it in part.

At the time of the snowboarding accident that forms the basis of this lawsuit, plaintiff Stephen Melendy was wearing a 2009 Burton R.E.D. Hi-Fi II helmet. Plaintiffs claim the helmet was defective in that it failed to adequately protect Mr. Melendy from

---

[1] "[#99]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

the serious closed-head injury he sustained after missing his landing and striking his head on the snow. As part of their case-in-chief, plaintiffs will seek to present evidence related to the investigation and recall of another Burton helmet, the R.E.D. Trace 0.5 extra-small youth helmet. The Trace helmet was recalled after it was determined that the lining was not thick enough to provide adequate impact absorption. Defendant seeks to prevent plaintiffs from introducing evidence related to the recall. In addition, defendant claims that plaintiffs should be precluded from introducing evidence regarding testing of earlier prototypes of the Hi-Fi II model.

Evidence related to products other than that implicated by the case is not admissible unless plaintiffs can demonstrate that the other product was "substantially similar to the [product] involved in the present case." ***Four Corners Helicopters, Inc. v. Turbomeca***, 979 F.2d 1434, 1440 (10th Cir. 1992):

> Substantial similarity depends upon the underlying theory of the case. When the evidence is offered to demonstrate that a highly dangerous condition existed, a high degree of substantial similarity would be required. The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect or when the information will be used for purposes such as impeachment.

***A.H. ex rel. Hadjih v. Evenflo Co., Inc.***, 2011 WL 3684807 at *4 (D. Colo. Aug. 23, 2011). Plaintiffs claim this standard is met here because their theory is that the liner of the subject helmet, like the Trace 0.5, was insufficiently thick. They argue that this same issue affects the Hi-Fi II helmet.

I am not convinced. Contrary to plaintiff's argument based on nothing more than *ipse dixit*, there is nothing "superficial" about the testimony of Sean Pelkey, defendant's

Rule 30(b)(6) deponent. That testimony demonstrates in sufficient detail the significant differences between the construction and design of the two helmets, as well as the standards applicable to each. Plaintiffs' argument that similarity exists in that both models' liners were inadequately thick operates at too high a level of generality to be useful.[2] Given the notable and relevant differences between the two models, introduction of the recall evidence would not be make it any more or less likely that the Hi-Fi II model was similarly defective. *See* Fed. R. Evid. 401.

Moreover, I find and conclude that the evidence is excludable under Rule 403. The attenuated probativity of the, at best, tenuous connection between the two helmets, is substantially outweighed by the dangers of confusion of the issues and misleading the jury. *See* Fed. R. Evid. 403. It also seems likely to engender an undue waste of time and resources in what is already contemplated to be a lengthy trial. *See* Fed. R. Evid. 403 and 611(2). I therefore provisionally grant the motion *in limine* to the extent it seeks to exclude evidence related to the recall.

Concerning defendant's motion to exclude evidence related to testing of earlier prototypes of the Hi-Fi II model, however, I cannot conclude based on the evidence presently before me that the prototype and the final version of the helmet are likewise so dissimilar as to preclude reference to the former *in limine*. The evidence presented in support of defendant's motion consists of deposition testimony referring to unspecified "flaws or deficiencies" in the prototype helmet that were later rectified in the final product. Without evidence that these flaws were unrelated to those alleged by

---

[2] This argument is akin to suggesting that a Mercedes Benz and a Ford F150 truck are similar because they both have tires.

plaintiffs here, I cannot say prior to trial that the evidence must be excluded.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant The Burton Corporation's Motion *In Limine* To Exclude Evidence Relating to the Trace 0.5 Youth Helmet Recall** [#99], filed June 20, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** with respect to evidence regarding the recall of defendant's Trace 0.5 Youth helmet; and

   b. That the motion is in all other respects **DENIED**; and

2. That plaintiffs are **PRECLUDED** for now from referring to or offering in evidence before the jury matters relating to the recall of the Trace 0.5 Youth helmet unless of by way proper impeachment or pending further order of court.

Dated August 9, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge