**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01629-REB-CBS

THE TRUST DEPARTMENT OF FIRST NATIONAL BANK OF SANTA FE, COLORADO BRANCH, and
RICHARD QUANZ as CO-TRUSTEES and
REPRESENTATIVES OF THE IRREVOCABLE TRUST OF STEPHEN MELENDY,
and STEPHEN MELENDY,

    Plaintiffs,

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

    Intervenor Plaintiff,

v.

THE BURTON CORPORATION,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF COLLATERAL SOURCES**

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion In Limine To Exclude Evidence of Collateral Sources** [#101],[1] filed June 22, 2012. Plaintiffs seek to exclude any evidence of or argument about payments for medical expenses made on behalf of Stephen Melendy by collateral sources such as workers' compensation insurance, health insurance, or other third-party payers. I grant the motion.

---

[1] "[#101]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Under Colorado law, the collateral source rule has two parts: a pre-verdict evidentiary component, developed at common law and recently codified at §10-1-135(10)(a), C.R.S.,[2] and a post-verdict setoff rule, codified at §13-21-111.6, C.R.S. **See Sunahara v. State Farm Mutual Auto Insurance Co.**, 280 P.3d 649, 654 (Colo. 2012). The former aspect – the pre-verdict evidentiary component – which is at issue here, "excludes evidence of collateral source benefits because such evidence could lead the fact-finder to improperly reduce the plaintiff's damages award on the grounds that the plaintiff already recovered his loss from the collateral source." *Id.* "Subsection 10–1–135(10)(a) unambiguously codifies this pre-verdict common law principle by excluding from evidence '[t]he fact or amount of any collateral source payment or benefits.'" **Smith v. Jeppsen**, 277 P.3d 224, 228 (Colo. 2012) (quoting §10-1-135(10)(a), C.R.S.). This exclusion is all-encompassing and applies "even for the purpose of determining the reasonable value of medical services rendered." **Sunahara**, 280 P.3d at 655.

While acknowledging this clear and emphatic statement of the collateral source rule, defendant counters that the intervention of Mr. Melendy's workers' compensation insurer in this action changes the landscape, making such evidence admissible. This argument, premised on dicta in a nearly sixty-year old case, borders on frivolous. **See Kelley v. Summers**, 210 F.2d 665, 674 (10th Cir. 1954). The **Kelley** court was positing

---

[2] Although the events giving rise to this lawsuit occurred prior to the effective date of the statute, section 10-1-135(10)(a) applies because the operative transaction – recovery of a monetary award – has not yet occurred. **See Smith v. Jeppsen**, 277 P.3d 224, 227 (Colo. 2012) (citing §10-1-135(d)(2)).

a wholly hypothetical situation,[3] did not consider or discuss the collateral source rule at all, and did not apply Colorado law in any event. Nothing in that decision is sufficient to surmount or supersede the unequivocal and emphatic mandate of section 10-1-135(10)(a) and the Colorado Supreme Court's decisions interpreting the statute. I therefore find and conclude that the motion must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion In Limine To Exclude Evidence of Collateral Sources** [#101], filed June 22, 2012, is **GRANTED**; and

2. That all parties are **PRECLUDED** and **PROHIBITED**, pending further order of court, from referring to or offering in evidence before the jury matters referring or relating to collateral source payments.

Dated August 10, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] The trial court stated that its decision to deny a second motion to intervene after the insurer had dismissed its claims in intervention on the eve of trial that "in all probability the trial would have been quite different if the insurance company had not voluntarily withdrawn from the cases for the evidence relating to the payment of compensation would then have been admissible." *Kelley*, 210 F.2d 674.

3